**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JESSICA STEWART | CIVIL ACTION NO. 16-1187 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LUCY G. SIKES | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is an appeal (Record Document 1) of the Bankruptcy Court's denial of appellant Christopher B. Broughton's ("Appellant") contingency fee agreement attached to the Application for Appointment of Special Counsel. The Bankruptcy Court instead ordered that Appellant file a fee application pursuant to 11 U.S.C. § 330. For the reasons which follow, the Bankruptcy Court's ruling is **AFFIRMED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 16, 2011, Jessica Stewart ("Debtor") filed for bankruptcy relief under Chapter 13 of the United States Bankruptcy Code. See Record Document 1 (Bankruptcy Court docket sheet). On April 24, 2014, the Bankruptcy Court confirmed Debtor's plan as modified on April 14, 2014. See Record Document 63. Under the April 14, 2014 plan, Debtor was required to remit a total of $8,752.00 through the twenty-seventh (27th) month of the plan, then payments of $100.00 per month for the remaining thirty-three (33) months. See Record Document 64.

On July 12, 2016, during the 59th month of the plan, an Application for Employment of Special Counsel (the "Application") was filed by Appellant. See Record Document 69. The Application set forth that Debtor was involved in a motor vehicle accident on May 14, 2014. See id. The Application further set forth that suit had been filed on April 30, 2015.

1

See id. The Application requested the Bankruptcy Court approve the appointment of F. Q. Hood, Jr. APLC, (Appellant's employer) as special counsel to further litigate and resolve all claims of Stewart arising out of the motor vehicle accident of May 14, 2014, and for all such further general and equitable relief as may be necessary in the premises. See id. Appellant attached to the Application the contingency fee agreement (the "Agreement"), which stated: "The attorney's fee shall be a sum equal to twenty-five (25%) percent of the total amount recovered. If no recovery is obtained, no fee shall be payable to the attorney." See id. The Agreement signed by F.Q. Hood, Jr. APLC and Debtor is dated May 29, 2014. See id.

The Chapter 13 Trustee during this period, Lucy G. Sikes,[1] filed a response to the Application on July 19, 2016. See Record Document 70. The Trustee did not oppose the approval of the Appellant to represent Debtor in relation to the May 14, 2014 motor vehicle accident, but sought a determination by the Bankruptcy Court if the Special Counsel's fees will be paid pursuant to 11 U.S.C. § 328, or if fees were to be awarded after the filing of a fee application pursuant to 11 U.S.C. § 330. See id.

On August 1, 2016, the Bankruptcy Court issued an Order on this Application, appointing F. Q. Hood, Jr, APLC, as special counsel to further litigate and resolve all claims of the Debtor arising from the May 14, 2014 motor vehicle accident. See Record Document 71. The order further provided: "The application is granted; however, the contingent fee is not approved and Special Counsel must file a fee application pursuant to 11 U.S.C. § 330." See id.

---

[1] Ms. Sikes resigned as Chapter 13 Trustee effective September 30, 2016, and Todd S. Jones ("Appellee") was appointed Chapter 13 Trustee beginning October 1, 2016.

Appellant filed the instant appeal on August 12, 2016. See Record Document 1 (District Court docket sheet). He filed his brief in support on December 2, 2016, arguing the Bankruptcy Court erred by not approving the Agreement and ordering Appellant to file a fee application pursuant to 11 U.S. C. § 330. See Record Document 4. Appellee filed his brief in opposition on January 3, 2017. See Record Document 11.

**LAW AND ANALYSIS**

A. **Jurisdiction**

The United States Bankruptcy Court has the authority to issue final orders pursuant to 28 U.S.C. § 157(b). This United States District Court for the Western District of Louisiana, Shreveport Division has subject matter jurisdiction, pursuant to 28 U.S.C. § 158(a)(1) and 28 U.S.C. § 1334(b), to hear appeals from a final order of the Bankruptcy Court. "Final orders" of a Bankruptcy Court under 28 U.S.C. § 158 include both (1) "a final determination of the rights of the parties to secure the relief they seek" and (2) "a final disposition of a discrete dispute within the larger bankruptcy case." Bartee v. Tara Colony Homeowners Ass'n (In re Bartee), 212 F.3d 277, 282 (5th Cir. 2000). This is an appeal of the final order entered from the United States Bankruptcy Court for the Western District of Louisiana, Shreveport Division on August 1, 2016, granting the Application for Appointment of Special Counsel but declining to approve the Appellant's contingency fee agreement which was attached to the application. See Record Document 1-1 (District Court docket sheet).

3

### B. Standard of Review

In reviewing a bankruptcy court decision, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. See In re Webb, 954 F.2d 1102, 1103-04 (5th Cir. 1992). A bankruptcy court's findings of fact are reviewed for clear error, with proper deference to that court's opportunity to make credibility determinations. See Fed. R. Bankr. P. 8013; In re McDaniel, 70 F.3d 841, 842-43 (5th Cir. 1995). Legal conclusions are reviewed *de novo.* See Id.; In re Herby's Foods, Inc., 2 F.3d 128, 130 (5th Cir. 1993). There are no factual disputes in this case. The issue presented on appeal is purely legal; therefore, the Court reviews the Bankruptcy Court's decision under a *de novo* standard of review.

### C. Analysis

Appellant argues one issue on appeal: whether the Bankruptcy Court may decline to approve a special counsel's contingency fee agreement for a debtor's personal injury case when the contingency fee agreement is permitted under 11 U.S.C. § 328, is reasonable, is approved by the debtor, and would benefit the estate. See Record Document 4. However, Appellant's argument does not address the true issue at hand – whether Appellant sought prior court approval of the Agreement. Although contingency fee agreements are permitted under Section 328, such agreements must be approved prior to the rendering of any services. Because Appellant did not seek prior court approval, the Bankruptcy Court did not err in denying the contingency fee agreement and requiring Appellant to file a fee application pursuant to 11 U.S.C. § 330.

The Bankruptcy Court's order was based upon a prior ruling in the matter of In re Steven Lane Jackson and Jamie Michelle Jackson, Case Number 14-10043 (Record Document 112), United States Bankruptcy Court, Western District, Shreveport Division, whose facts are almost identical to the instant matter. In Jackson, Lieff, Cabraser, Heimann and Bernstein, LLP filed a Supplemental Motion to Employ Special Counsel and for Fees and Expenses. See id. at 2. In the supplemental motion, applicants sought a 30% contingency fee on net settlements proceeds of $2,746,360.00 (after the deduction of sums required for disbursement by the Chapter 13 Trustee for payment in full of debtor's creditors) from a products liability claim arising after debtor filed for bankruptcy. See id. at 5. The debtor signed a contingency fee contract on March 17, 2014, which was not reviewed by the bankruptcy court until September 22, 2015. See id. at 5-6.

The court denied the applicant's contingency fee agreement stating, "the applicant did not seek prior approval of a contingent fee pursuant to 11 U.S.C. § 328; therefore, the Court must analyze the application and approve a reasonable attorney fee pursuant to 11 U.S.C. § 330(a)." See id. at 7. "11 U.S.C. Section 328 permits attorneys to obtain court approval of the terms of their compensation, including contingent fee agreements, prior to performing the contemplated services." Id. at 7 (emphasis added). In support of its ruling, the court cited Matter of Nat'l Gypsum Co., 123 F.3d 861, 862 (5th Cir. 1997), which held that prior court approval must be given for Section 328 to control.

The facts in the instant matter are almost identical to those in Jackson. As in Jackson, the cause of action for which representation was obtained by Debtor occurred after the filing of the bankruptcy. The settlement would also pay the claims of all creditors in full. See Record Document 4 at 8. The automobile accident occurred on May 14, 2014.

5

See Record Document 64 (Bankruptcy Court docket). The Agreement was signed by the Debtor on May 29, 2014, but the Application was not filed until July 12, 2016. See id. Here, Appellant delayed over two years in seeking approval by the Bankruptcy Court of the fee contract which is considerably longer than the eighteen-month delay in Jackson. Like the applicants in Jackson, Appellant is unable to avail himself of the benefits accorded under 11 U.S.C. § 328 because he did not obtain prior court approval of the Agreement.

Contrary to Appellant's argument, the Bankruptcy Court did not deny the Agreement because it was a contingency fee agreement. It denied the Agreement because Appellant failed to seek prior court approval. Therefore, the Court disregards Appellant's arguments made towards this issue. However, such arguments can be applied when approving the appropriate attorney's fees under 11 U.S.C. § 330. The Bankruptcy Court in the matter of In re Philyaw, Case Number 14-11907 (Record Document 80), Western District of Louisiana, Shreveport Division, determined that a contingent fee (as found in the debtor's original contract) may still be awarded under Section 330, if the work performed substantiated such a fee.

## CONCLUSION

11 U.S.C. § 328 permits attorneys to obtain court approval of the terms of their compensation, including contingent fee agreements, prior to performing the contemplated services. Because Appellant did not seek prior court approval, the Bankruptcy Court did not err in denying the contingency fee agreement and requiring Appellant file a fee application pursuant to 11 U.S.C. § 330. Therefore, the Bankruptcy Court's ruling is **AFFIRMED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this the 22nd day of December, 2017.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT